STERTZ, Respondent, vs. STEWART and another, Trustees, etc., Appellants.

*March 15 — April 25, 1889.*

*Railroads: Fires negligently set: Damages: Evidence.*

1. The question being as to the damage done to land by a fire, properly qualified witnesses may state to the jury in what, in their opinion, the value of the land consisted, and may give their opinion as to the value of standing timber thereon, as one ground of their estimates.

2. The evidence in this case (showing among other things that, at the time and place of the setting of the fire, one of the defendants' engines was passing along their railroad track at a speed of from forty-five to fifty miles an hour; that it was an exceedingly dry time, and sparks and cinders which kindled other fires along the track were issuing from such engine) is *held* to support a verdict that the fire was set through the negligence of defendants' employees in running such engine.

APPEAL from the Circuit Court for *Portage* County.
The case is sufficiently stated in the opinion.

For the appellants there was a brief by *D. S. Wegg* and *Howard Morris*, and oral argument by *Mr. Morris*.

For the respondent there was a brief by *Lamoreux & Park*, and oral argument by *B. B. Park*.

TAYLOR, J.   This is an action to recover damages to the plaintiff's farm by reason of being burned over by a fire which is alleged to have been carelessly and negligently kindled by appellants in running an engine along the track of their railroad in the vicinity of said farm.   The plaintiff recovered a verdict for $1,171.   From the judgment entered on such verdict the defendants appeal to this court.

The only errors alleged by the appellants are (1) that the court erred in admitting evidence as to the value of the land of the plaintiff which was burned over, against the objections of the appellants; (2) that the court erred in not granting a new trial on motion of the defendants, on the ground that there was not sufficient evidence to justify the jury in finding that the fire which is claimed to have burned the plaintiff's land was kindled by a passing engine of the defendants, or, if it was so kindled, that it was kindled by the negligence of the defendants or their employees.

It is urged that it was error to allow the plaintiff's witnesses, who were called to prove the damage done to the plaintiff's land, to state to the jury that the land was covered with timber which was valuable for cordwood, and that twenty or thirty cords could be cut from the acre, and that in estimating the damage done to the land the witnesses were allowed to take into consideration the value of such timber.   The rule for estimating the damages done to the land by reason of the fire, as stated by the court to the jury, was to take into consideration the actual market

VOL. 74 — 11

value of the land before the fire, and its actual value imme-
diately after the fire, and the difference in these values
would be the damages.   This rule for estimating the dam-
ages was not objected to by the defendants, and no excep-
tion of any kind was taken by either party to the instruc-
tions given to the jury upon any part of the case. We
think it was competent for the witnesses, in estimating the
value of timbered land, to take into consideration the value
of timber standing thereon, and to state to the jury their
opinion as to the value of the standing timber, as one
ground for the estimate of the value of the land and timber.
In many cases the greater part of the value of land con-
sists in the timber standing thereon, and in fixing the value
of such land the value of the standing timber is the mate-
rial thing which constitutes such value, and its destruction,
when destroyed by fire, is the principal damage to the land.
It appears to us that it was proper to permit the witnesses
called by the plaintiff to prove the damage to the land to
state to the jury in what, in their opinion, its value con-
sisted, so that the jury might the better judge of the cor-
rectness of the estimate of damages made by the witnesses.
We think the witnesses who testified on the part of the
plaintiff as to the damage done by the fire to his lands
showed by their testimony that they were competent to
give an opinion as to the extent of the damage done.

As to the contention that there was not sufficient evi-
dence to support the verdict of the jury that the fire was
kindled by the passing engine of the defendants, it is, we
think, not supported by the evidence.   If the plaintiff's
witnesses are to be believed, the evidence is almost conclu-
sive that the fire was kindled by a passing engine of de-
fendants.   As to whether there was any carelessness or
negligence on the part of the defendants or their em-
ployees, the evidence tends to show such carelessness.   The
evidence shows that at the time and place where the fire

was set one of the defendants' engines was passing along the track at a speed of from forty-five to fifty miles an hour; that it was an exceedingly dry time, and sparks and cinders which kindled other fires along the track were issuing from such engine. There was certainly some evidence given to charge the employees of the defendants with negligence in running the engine, as well as neglect in not keeping the right of way clear of combustible matter. All these questions were submitted to the jury under instructions sufficiently favorable to the defendants, and not excepted to by them. The court did not err in refusing to set aside the verdict as not supported by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.