HENRY CARNER *vs.* CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.

June 2, 1890.

**Entry under Timber-Culture Act—Ownership of Hay made on Land.—** One who enters land under the act of congress known as the "Timber-Culture Act," and who has complied with its conditions, is, during the term required to perfect his right to a patent, the owner of hay made from the grass which he cuts on the land.

**Same—Recovery for Destruction of Standing Trees—Damages.—** He may recover from a wrong-doer who destroys trees standing on the land their value as standing trees; that is, the value they add to the value of the land.

**Same—Evidence.—** To prove such value, it is proper to prove the value of the land with the trees standing on it, and its value with the trees destroyed.

**Same—Subsequent Surrender of Claim.—** The fact that, after the destruction of the trees, he surrendered his claim, does not affect his right to recover.

Appeal by defendant from an order of the district court for Rock county, *Perkins*, J., presiding, refusing a new trial after verdict of $360 for plaintiff.

*J. H. Howe, S. L. Perrin*, and *Daniel Rohrer*, for appellant.

*P. E. Brown*, for respondent.

GILFILLAN, C. J. The action is for damages caused to property by the negligence of the defendant in running its trains, in consequence of which the property was destroyed. That the finding of defendant's negligence was supported by the evidence is conceded. Whether plaintiff is entitled to recover, and, if so, what measure of damages, are the main questions to be decided. May 22, 1876, the plaintiff entered at the proper land-office 80 acres of land, under the act of congress of March 13, 1874, (18 U. S. St. at Large, 21,) entitled "An act to amend an act to encourage the growth of timber on western prairies," and up to the time of the injury complained of had held said entry, and complied with the provisions of the act. The injury consisted in setting fire to and destroying trees planted by plaintiff under his entry, and standing on, and hay which he had cut from, the 80 acres, and remaining on it. The defendant contends that, as the title to the land was in the United States, it was the owner of the trees, and of the grass from which the hay was made, and therefore the plaintiff cannot recover for injury to them. Plaintiff was not in wrongful possession of the land, as was the case in *Lindsay* v. *Winona & St. Peter R. Co.*, 29 Minn. 411, (13 N. W. Rep. 191.) By his entry and compliance with the terms of the act he had acquired vested rights, even as against the United States. We held that in *Red River, etc., R. Co.* v. *Sture*, 32 Minn. 95, (20 N. W. Rep. 229,) in respect to one entering lands under the homestead acts of congress. The rights under the homestead acts, though differently acquired, are no greater than those under the timber-culture act. Under the latter act, the party entering has the right to occupy and cultivate the land, and owns the annual crops which he harvests, whether of grass not sown by him or of grains. As against the United States, he may not have a right to cut the trees for removal and sale, or for any purpose other than the proper cultivation of the land. His rights are analogous to those of one in under a contract

to purchase, in which case the vendor might ordinarily, unless the contract provided otherwise, prevent the commission of waste. But, as against third persons, he is the owner. It is true the party entering the land may forfeit his rights to the United States by failure to perform, until the end of the eight years, the requirements of the act. But certainly, until such forfeiture, he has a right of redress for any injury to his property in the land.

For destruction of the hay, of course, the measure of damages was its value. And we see no other practicable measure of damages for destruction of the trees than their value as standing trees; that is, the value they added to the land. One way of getting at that was to ascertain the difference in the value of the land with the trees standing upon it and its value with them destroyed. It was competent, therefore, for the court to admit proof of the value of the land just before the trees were destroyed, and of its value just after.

Defendant further contends that plaintiff cannot recover because, some time after the injury complained of, he surrendered to the United States all his right, title, and interest in the land. We cannot see how that could affect his right of action already accrued.

The court refused to instruct the jury, at the request of the defendant, that "if the jury find from the evidence that either Carner or his servant or employe saw this fire, and saw that it endangered the trees and hay, and had reasonable time to make an attempt to avert the destruction, and failed so to do, and such failure contributed to the loss, then the plaintiff cannot recover in this action." It does not appear that there was evidence to which this could properly apply. Plaintiff was absent at the time of the fire, and it was not shown that he had any servant or employe in charge of or whose duty it was to guard the 80 acres, so that his negligence could be claimed to be the negligence of the plaintiff. Defendant objected on the trial to the reading of a deposition of one John Carner, who at the time of taking it resided within the state, and which was taken within the state. It was taken under Gen. St. 1878, c. 73, § 36, as amended by Laws 1885, c. 53. Objection is made that if chapter 53 was intended to amend the prior law, it is unconstitutional. The grounds upon which this objection are based are too fine to be appreciated.

We see nothing in the objection. Another ground of objection to the deposition was that it did not appear that the witness was at the time of the trial out of the jurisdiction of the court. We think the evidence was such as to justify the court in deciding that the witness was out of the jurisdiction.

Order affirmed.