WENTWORTH HAYES *vs.* CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY.

45  17
46  272

December 2, 1890.

**Railway—Fire Set by Locomotive—Evidence.**—The testimony in this case, which was brought to recover damages for the destruction of standing timber by fire, examined, and *held* sufficient to justify certain special findings, as well as the general verdict, rendered by the jury.

**Same—Damages.**—*Carner* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 43 Minn. 375, followed as to the proper rule for the ascertainment of damages in such an action.

Appeal by defendant from an order of the district court for Mower county, *Farmer*, J., presiding, refusing a new trial after verdict of $926.98 for plaintiff.

*Kingsley & Shepherd*, for appellant.

*French & Wright*, for respondent.

COLLINS, J. In this action, which was brought to recover for standing timber alleged to have been destroyed by a fire set by one of appellant's locomotives, the respondent, plaintiff, had a verdict. The jury also found, specially, that the fire originated on appellant's right of way from coals or sparks scattered by the locomotive in question; that the locomotive was equipped with the latest and most approved appliances for preventing the escape of fire; and that it was in perfect condition at the time. It was also found, specially, that the engineer in charge and his fireman were not skilful and competent men; that they did not manage and operate the locomotive carefully and skilfully; and further that appellant did not exercise such care in the construction, maintenance, and use of the locomotive *on this occasion* as a man of ordinary prudence would have exercised under like circumstances. The appeal is from an order refusing a new trial. It is the contention of appellant's counsel that the verdict was not justified by the evidence, and the court erred when instructing the jury as to the measure of damages, should it find plaintiff entitled to recover at all. One or two of the special questions submitted to the jury were so

v.45M.—2

drawn that the answers seemed somewhat inaccurate, but it is evident that the jury found that there was no lack of proper appliances to prevent the escape of sparks and coals, and that there was no defect in the condition of the locomotive whatever; nor were the engineer and fireman declared to be, usually and generally, careless or unskilful or incompetent. The finding was simply that on this occasion, and with the conditions then existing, these persons did not operate and manage the locomotive with care and skill,—a far different thing from asserting that they were habitually careless, or naturally incompetent.

On the day of the fire, a very high wind prevailed, and everything was in a dry condition. This is admitted by all of the witnesses. On defendant's right of way, about the place where the fire is said to have originated, the grass had been cut down, but not removed. It lay on the ground in swaths, and had become exceedingly combustible. Not far from 11 o'clock in the forenoon an extra train ran over the road in an easterly direction. About 12, the regular freight, drawn by the locomotive in question, went westwardly. None of plaintiff's witnesses were able to say that they observed the fire at the time it started, but several testified that they saw it immediately after the freight train passed, when it had just commenced to spread, and before the volume of smoke which came from it became dense or great. One of these witnesses, working near by, purposely looked along the railway for fire soon after the extra passed, just prior to the arrival of the freight train, and saw none, nor did he see any persons about the right of way or in the neighborhood. He then went to dinner, the freight train passed, and within 20 minutes he saw the fire, then running rapidly, and from which quite a body of smoke was coming. On the trial, it was defendant's contention that the fire which destroyed plaintiff's trees was raging before the freight train reached the vicinity, and consequently it could not have originated from sparks or coals dropped from the locomotive of that train. Some of the trainmen testified that they saw a fire, a small one, they said, but off the right of way, just before coming to the place; while several other witnesses testified that, from a distance, they saw the smoke of a fire prior to the arrival of the train near

the point where the one which destroyed the trees must have been started. To meet this, several of plaintiff's witnesses, who were, perhaps, quite as far away as were the defendant's witnesses above mentioned, testified that if a fire had been burning there before the train came along they would have seen it, but did not. There was also presented to the jury, undoubtedly of great aid to it, a variety of circumstances surrounding this fire,—the appearance and situation when the witnesses first saw it, and again when they arrived on the ground, the way it ran and spread, and especially the opportunities which witnesses had upon either side to see a fire, had there been one, as claimed by defendant. These were all matters for the consideration of the jury; and from a careful examination of the testimony as certified up, passed upon as it has been by the trial judge, who, undoubtedly, with the jury, observed and was influenced somewhat by the appearance and demeanor of the witnesses when testifying, we are unable to agree with appellant's counsel in their assertion that the testimony established beyond a doubt that the fire started before the freight train came up, and at a point some rods distant from the right of way. The special findings to the contrary, that it originated on the right of way, and from sparks or coals dropped from the freight locomotive, are sustained by the testimony, and the statutory presumption of negligence was raised.

As before stated, the defendant's locomotive was found by the jury to be properly equipped as to sparks and coals, and to be in good condition, while the jury declared by the third special finding, as we construe it, that, on this occasion, the engineer and fireman did not operate and manage their locomotive in a careful and skilful manner. It was at a very dry season of the year, the wind was blowing a gale, and at this place the right of way was covered with dead leaves and brush, dry grass, and other materials which would readily ignite. We may assume that both engineer and fireman were careful ordinarily, and competent usually, although the engineer avowed his ignorance as to what caused the setting of fires by locomotives, and also expressed the opinion that there was no more danger of setting fire by a careless than by a careful handling of the engine. But he stated that upon this occasion he operated and managed his engine as

usual, and with no more care than he ordinarily exercised. Usual and ordinary care in the operation and management of the locomotive may not have been sufficient. It may not have been such care as common prudence might have dictated, and apparently demanded, taking into consideration the existing circumstances and surroundings. It cannot be said, therefore, that upon this point the finding was not justified by the evidence. *Johnson* v. *Chicago, Mil. & St. Paul Ry. Co.*, 31 Minn. 57, (16 N. W. Rep. 488.) But this is not of great consequence, for by the general verdict it was found by the jury that the appellant was negligent in permitting dry and combustible matter to accumulate upon its right of way.

The rule as to the measure of damages was correctly stated. The premises injured consisted of 30 acres of young growing trees, designed for the wood and timber market as they grew and could be profitably cut, and these trees were destroyed. The measure of damages was, as stated by the court in its charge, the difference between the value of the land immediately before and just after the injury. Their value as standing trees, that is, the value they added to the land, is thus determined. *Carner* v. *Chicago, St. Paul, M. & O. Ry. Co.*, 43 Minn. 375, (45 N. W. Rep. 713.) See, also, *Argotsinger* v. *Vines*, 82 N. Y. 308; 3 Suth. Dam. 373, 374; and *Karst* v. *St. Paul, S. & T. F. R. Co.*, 22 Minn. 118. The rule for the ascertainment of damages contended for by defendant, and stated in *Whitbeck* v. *N. Y. Cent. R. Co.*, 36 Barb. 644, is not applicable in a case like this.

Order affirmed.