## BAILEY v. CHICAGO, M. & ST. P. RY. CO.

1. Where trees, either growing or mature, are destroyed by the wrongful act of another, the owner may bring his action either for the value of the trees so destroyed, or for the injury to the real estate or his interest in it.

2. If he bring the former action, the proper measure of damages is the market value of the trees destroyed, independent of the real estate. If he bring the latter action, the measure of damages is the diminished value of the real estate.

3. A party objecting to evidence on a specifically named ground waives all other grounds.

(Syllabus by the Court. Opinion filed Feb. 8, 1893.)

Appeal from circuit court, Turner county.     Hon. E. G. SMITH, Judge.

Action by George W. Bailey against the Chicago, Milwaukee & St. Paul Railway Company to recover damages for destroying plaintiff's trees and shrubbery. From a judgment for plaintiff defendant appeals. Affirmed.

The facts are stated in the opinion.

*Winsor & Kittredge*, for appellant.

The measure of damages for the destruction of standing trees is the difference in the value of the land before and after the trees are destroyed. Carner v. Railroad, 45 N. W. 713; Hayes v. Railroad, 47 N. W. 261; Argotsinger v. Vines, 82 N. Y. 308; Carsh v. Railroad, 22 Minn. 118; 3 Suth. Dam. 373; Esterbrook v. Railroad, 51 Barb. 94; Curtis v. Baugh, 79 Ill. 242; Jutte v. Hughes, 67 N.

Y. 267; Vanderslice v. Newton, 4 N. Y. 132; Bristol v. Gridley, 28 Conn. 201.

*Palmer & Rogde*, for respondent.

The measure of damages for the destruction of young growing trees is the difference between the value of the trees just previous to the fire and their value in a burned and charred condition after the fire. Fremont v. Crum, 46 N. W. 217. An instruction being of the court's own motion and no exception taken to it the party is presumed to have waived any exception to it. Stuckey v. Fritsche, 46 N. W. 59; Watson v. Ronde, 49 N. W. 491; Stringham v. Cook, 75 Wis. 589; Barker v. Todd, 34 N. W. 895.

KELLAM, J. This action was brought to recover of the defendant company damages for negligently burning and destroying plaintiff's trees and shrubbery. He recovered judgment, and defendant appeals.

On the trial the court adopted as the measure of damages the value of the trees and shrubbery so destroyed. The appellant claims the proper rule was the difference in value of the real estate, of which the trees and shrubbery were a part, immediately before and immediately after the injury, and cites, in support, Carrier v. Railway Co., (Minn.) 45 N. W. Rep. 713, and Hayes v. Railway Co., (Minn.) 47 N. W. Rep. 260. But it seems to us that the rule to be adopted in any case depends upon the character and object of the particular action. While growing trees and improvements are generally a part of the real estate upon which they stand, still the owner may for a particular purpose treat them as personal property. If a building be destroyed, or detached from and moved away from the owner's real estate, he may recover the value of the building, independently of its connection with the real estate, (3 Suth. Dam. 373; White v. Railway Co., (S. D.) 47 N. W. Rep. 146; Whitbeck v. Railroad Co., 36 Barb., 644,) or he may bring his action for the injury to the real estate, and recover therefor. If A. sue B., and state his cause of action to be that B. dug up and carried away from his premises a quantity of gravel of the value stated, and ask to recover therefor, the measure of the damages is the value of such gravel, separate from and independent of the injury to the premises from which it was

taken; but if, for the same wrongful act of B., the action is brought by A. to recover for the injury to his premises, then the measure of the damages is not the value of the material removed, but the difference in the value of such premises immediately before and immediately after the injury.   If he sue specifically for the value of the material taken away, he could not, of course, recover in such action for injury to the real estate resulting from the excavation.   If he sue for the value of such material, he may recover that, and its value will be ascertained as in case of any other personal property; but, if he sue for the injury to his real estate, he may recover that, and such injury will be measured by the usual rule of diminished value.   So we say the rule of damages depends upon the purpose and character of the action.   A party injured as complained of in this action may bring his suit for destroying his trees, and in such action recover the value of such trees, not as a part of the realty, but their intrinsic value as detached and separated therefrom, and proved in the usual mode of proving value; or he may bring his action for injury to his real estate, and recover its diminution in value.   Each action has its appropriate rule of damages.   A single tree, a grove of growing trees, or a forest of mature timber has an intrinsic, estimable value for the material it contains.   That value may be more, or it may be less, than what it adds to the value of the real estate upon which it stands.   If the tree or the grove or the forest is destroyed, the owner ought to be allowed to exercise his own judgment whether he will seek to recover the value of his property destroyed, or the diminished value of his land from which it was destroyed.   When he does this he determines the rule of damages by which his injury will be measured.   Dwight v. Railroad Co., 132 N. Y. 199, 30 N. E. Rep. 398, is a recent case, and was for injury to the real estate occasioned by destruction of fruit trees growing thereon.   After recognizing the distinction we have attempted to make, the court says: "A party may be content to accept the market value of the thing taken, when he is also entitled to recover for the injury done to the freehold; but if he assert his right to go beyond the value of the thing taken or destroyed, after severance from the freehold, so as to secure compensation for the damage done to his

land because of it, then the measure of damages is the difference in value of the land before and after the injury." The court then observes that inasmuch as in that case the plaintiff was not satisfied with a recovery based on the value of the trees destroyed, after separation from the realty of which they formed a part, but brought his action for injury to the land, its diminished value was the proper measure of damages in that case. We think this principle should control this case as to the proper measure of damages. The action was brought specifically to recover the value of the trees destroyed, and we think the measure of damages adopted by the trial court was the correct one. See Whitbeck v. Railroad Co., *supra;* Railroad Co. v. Crum, (Neb.) 46 N. W. Rep. 217; Dwight v. Railroad Co., *supra.*

The next error assigned is that the court refused "to strike out the answer to the question, 'Give us your best judgment as to the value of those trees;'" but this assignment does not match anything we find in the abstract. The plaintiff's testimony, in which the ruling complained of occurred, is given in the abstract in narrative form, down to and subsequent to this question, as follows: "I am the plaintiff * * * These trees, for the purposes they were put there, were worth $1.00 apiece. They were worth at least 75 cents apiece to me. Question. Give us your best judgment as to the fair value of those trees. (Defendant objects as not responsive. The question should be as to the fair value of the 600 or 700 trees standing there at the time. The defendant asks to have the preceding answer stricken out. Motion denied, and defendant excepts.) Answer. Those trees, according to my best judgment, as they were standing there, were worth at least $400." There is thus some confusion between the abstract and the assignment of error; but, assuming that the matter objected to was the answer preceding this question, as indicated in the abstract, and not the answer to the question, as stated in the assignment, we are still unable to know how much of the testimony preceding the question was included in the answer asked to be stricken out. This, however, probably is not important as, tested by the rule which we have indicated, this evidence was all irrelevant. The plaintiff had sued to recover the value of the

trees destroyed, not as part of, or in connection with the real estate, but their intrinsic value,—their value as firewood, or fence posts or rails, or any other purpose for which they had a value independent of the soil out of which they grew. In such action he was not entitled to prove their value "for the purpose for which they were put there," for that would be proving their value as a part of the land. The evidence, however, was not challenged on that ground, but for the specific reason that it was not responsive. As the abstract does not purport to give the question to which such evidence was the answer, we have no means of knowing whether it was responsive or not. The ground of objection having been particularly stated, all other grounds were waived. State v. Leehman, (S. D.) 49 N. W. Rep. 3, and cases cited. Nor will a party on appeal be permitted to change the form of his objection. *Id.* Subsequently to the answers objected to, however, the plaintiff testified to the value of the trees "as they were standing there." This was the very form of question suggested by defendant's counsel, and we cannot construe it to mean the value of the trees for the purpose for which they were put there, but that the expression "as they were standing there" referred to their condition immediately before their destruction.

It is next urged that the court erred in instructing the jury as follows: "You are therefore instructed that you cannot award the plaintiff greater damages than he claims in his complaint, which is $600, and interest on the same at the rate of seven per cent per annum from the 8th day of April, 1887." This instruction is objected to upon the ground that it militates against section 4578, Comp. Laws, which provides that, in a case like this, the giving of interest upon the damages found is in the discretion of the jury. But this instruction does not attempt to direct or control the jury in the exercise of such discretion. It does not direct them to give or withhold interest. In his complaint plaintiff demanded judgment for $600 and interest. In his evidence his estimate of the damages was given with some latitude. His highest estimates upon the different items, if aggregated, would amount to more than $600; hence the instruction that in their verdict they could not go beyond the demand of the complaint,

to wit, $600 and interest. In this respect the record is quite unlike that in Uhe v. Same Defendant, argued at same term, but not yet decided. Perhaps, if asked for, defendant would have been entitled to an instruction upon the question of interest, but such question is not presented by the record. This view of the purpose and propriety of this instruction makes it unnecessary to examine the alleged error in refusing to open the judgment entered by plaintiff in disregard of a pending order staying all proceedings in the case for the purpose of allowing defendant to incorporate into the bill of exceptions an exception to the foregoing instruction of the court relating to interest; for, conceding that it was irregular to enter the judgment under such circumstances, it was, as we have seen, error without prejudice to appellant.

The remaining error assigned is that the jury in their verdict ignored the testimony of plaintiff that the trees which were burned were still worth 10 or 15 cents apiece for firewood, and that that amount should have been deducted by the jury from the damages found. The answer to this is that the rule claimed by appellant was just the one given by the court. He instructed them that, as to any property not completely destroyed, the damage would be the difference in the value of the same immediately before and immediately after the injury complained of, and there is nothing in the abstract showing that they did not follow such rule. As before observed, in his evidence as to the value of different items destroyed or injured, the plaintiff generally gave a minimum and maximum, as that the trees were worth from 75 cents to $1.25 apiece. The jury was at liberty to take the highest value named. If they had done so, and deducted the value of the partially burned or charred trees, their verdict would have been considerably larger than the one they returned. We have no means of knowing how they reached their verdict. We discover no error for which the judgment appealed from ought to be reversed, and it is affirmed.

CORSON, J., concurs.

BENNETT, P. J., (concurring specially.) I concur in the reasoning and conclusion of the majority of the court, in the above-en-

titled case, so far as the measure of damages depends upon the character and object of the particular action brought to recover compensation for the injury. But I cannot concur so far as the decision relates to the irrelevancy of the question 'which was objected to by the defendant when a witness for the plaintiff was asked, "Give us your best judgment as to the value of those trees," which was answered, "Those trees for the purposes they were put there were worth $1.00 apiece. They were worth at least 75 cents apiece to me." The defendant objected to the answer as not responsive to the question.

The majority of the court says: "This is not important, as, tested by the rule which we have indicated, the evidence was irrelevant," and then endeavors to show why it is irrelevant, and says: "In such an action (for the recovery of the value of the property destroyed) he (the plaintiff) is not entitled to prove their value for the purpose for which they were put there, for that would be proving their value as a part of the land."

In my judgment the question and its answer were entirely pertinent and relevant. It matters not what the form of the action brought, whether for trespass to the real estate or to recover the value of the thing destroyed, the object of it is to obtain compensation for an actual loss. This cannot be obtained unless the value of the thing destroyed is recovered by the owner. One of the essential elements of value is the "purpose for which a thing is used or placed in a given position." The mainspring of a watch, as a piece of steel, is comparatively valueless, but the "purpose for which it is used" is one of the essential parts of a watch, and as such has an appreciable value. If a witness were asked its value, before he could give an intelligent answer to the question he would necessarily be obliged to know for what purpose, or in what condition it was at the time it was destroyed. It may be said this is not so, because the mainspring of a watch is only used for the purpose of giving motion to a timepiece. This may be so, yet the value of it may be much greater when in the watch performing its function than when outside it and not connected with it. So with the example given by the majority of the court, where gravel has been wrongfully carried away from the

premises of another. A witness may be asked in an action for the recovery of its value, the question, "What was that gravel worth for the purpose for which it could be used?" Every one knows that there are different grades of gravel. Some kinds are much more valuable than others. Some is used exclusively for roofing; some has an intrinsic value for grouting, while other grades are only valuable for grading purposes. Now, can it be said the witness can only be asked 'the general question, what is gravel worth? and that it would be irrelevant to direct his attention to the purpose for which it is used? Take that common animal, the horse. Suppose one is negligently destroyed. The injured party brings suit to recover compensation for its loss. Must he be confined to the naked question, "What was that horse worth?—without directing the attention of the witness to the purpose for which it is used? The value of horses has a wide range, varying from zero up into thousands of dollars. A racing or trotting horse of great speed, when used for that purpose, has a value which can only be determined by its use as such and may be very great, but put that same animal upon a farm, or in a dray, and it would be almost valueless.

So in the case of destruction of trees. The purposes for which they are set out in a great measure determine the value of them. A fruit tree as such may be of much greater value than a shade tree or a tree which only has a value for timber or wood. In case of growing fruit trees, if they were not old or mature enough to bear fruit, their value would be ascertained by their cost, according to age, thriftiness and size. If bearing fruit, their value could be ascertained by the annual yield and value of fruit. If growing shade or ornamental trees the value of such trees for beautifying and adorning the grounds about a residence or a house may be taken into consideration, in connection with the annual cost of raising or cultivating. If timber trees, then the measure of damage may be the value of such trees for timber, lumber or cordwood. Thus it will be readily noted that the ascertainment of the measure of damages for negligent destruction of trees may differ according to the purpose for which the owner intended them.

But we are told by the majority of the court that this cannot be inquired into in an action for the recovery of the value of trees

destroyed, but that the value must be limited to the value when severed from the realty. Growing trees are in one sense a part and parcel of the land itself. So are buildings, fences, grass, and growing crops, but I think the true rule for the measure of damages is, if the thing destroyed, although a part of the reality, has a value which can be accurately measured and ascertained without reference to the soil in which it stands or out of which it grows, is that the recovery may be for the value of the thing destroyed. As was said by Judge HOYLBOOM in the case of Van Deusen v. Young, 29 Barb. 9, "Surely the damage would not be in all cases accurately measured by the market value of the wood or timber cut. The trees might be a highly valuable appendage to the farm for purposes of shade or ornament; there might be a very scanty supply for a farm of that size, or for other reasons they might have a special value as connected with the farm, altogether independent of, and superior to, their intrinsic value for purposes of building and fuel. As well might you remove the column which supported the roof or some part of the superstructure of a splendid mansion and limit the owner in damages to the value of the column as timber or cordwood as to adopt the parallel rule in this case."

So I say, when there is no wrongful purpose or wrongful negligence in the defendant, compensation for the real injury alone is the purpose of all remedies. Such a standard of damages is reasonable, and does justice to both parties. The inquiry should be how much was the plaintiff injured by the destruction of the trees? In an action like the one at bar the true measure of damages, in my opinion, is the amount of injury which the plaintiff has actually suffered.

In a prairie country, almost if not entirely devoid of natural growing timber or shade trees, and where such trees are the result of much labor and care, trees which would be considered of little or no value in some locations and of none whatever for timber or wood, are held of much value to the owner; not so much for their intrinsic value, but for ornamentation, shade, and protection from the bleak winds. To say that in case of their negligent destruction by another no inquiry can be made as to the purposes

for which they were grown, in determining their value, is a very harsh rule, and in many cases would result in a perversion of justice.