SAMUEL ROWE v. THE CHICAGO & NORTHWESTERN RAIL-
WAY COMPANY, Appellant.

**Setting Fire to Orchard: DAMAGES.** Where plaintiff's orchard, covering nineteen acres, was burned by sparks from defendant's locomotive, the measure of damages is the difference between the fair market value of his farm, not including the grass or fences destroyed, before the fire and immediately after the fire

SAME. Where property destroyed by fire is so closely connected with the real estate that it has no value independent thereof, the measure of damages is the difference in the value between the real estate before and after the fire.

EVIDENCE. In an action to recover for injuries to a farm by fire, evidence of the income from the orchard destroyed by fire, for several years prior to the fire, is admissible.

*Appeal from Mahaska District Court.*—HON. D. RYAN Judge.

WEDNESDAY, MAY 19, 1897.

THE plaintiff claims damages for the destruction of an orchard, some grass, and a fence by fire, which he alleges was caused by the defendant in carelessly and negligently allowing fire to escape from one of its locomotive engines on October 11, 1892. Defendant denies all of the allegations of the petition. The cause was tried to the court and jury, and a verdict returned for plaintiff for one thousand seven hundred and forty dollars. Defendant appeals.—*Affirmed.*

*Hubbard & Dawley* for appellant.

*L. C. Blanchard* for appellee.

KINNE, C. J.—I. The orchard covered about nineteen acres of ground, and over nine hundred trees were burned or destroyed. These consisted of two hundred and fifty-three mature trees, four hundred and twenty-seven commencing to bear, and two hundred and fourteen seedlings. Besides, twenty-four trees were damaged; also some cherry trees and one peach tree. The court instructed the jury that, as to the orchard, the measure of plaintiff's damage would be the "difference between the fair market value of the plaintiff's farm of 160 acres, upon which said orchard was, not including the grass or fences injured or destroyed, immediately before the fire, and its fair market value immediately after the fire, as injuriously affected by said fire." The rule contended for by the defendant, was presented in instruction 2

asked·by it, and refused. It was as follows: "The measure of damages in this case is the difference in value of the orchard just before and its value just after the fire, as an orchard." The question was also raised by objections to evidence. We think the rule announced in the instruction given by the court is correct, and it is supported by the great weight of authority. It is impossible to separate the orchard from the land in estimating the damages. Appellant's contention results in fixing the value of each tree destroyed or damaged by the fire, and the aggregate of such values would be the measure of plaintiff's recovery. Such a rule may well be held applicable to the destruction by fire of buildings, fences, and other improvements, which may at once be replaced, where the exact cost of restoring the property destroyed is capable of definite ascertainment, and where there is no damage to the realty itself. Here was a fire which destroyed several hundred apple trees. The trees which were left unburned were not in a body, but were in irregular patches, and disconnected. It needs no argument to establish the fact that the trees left unharmed, situated as they were, would not be worth as much to the farm as if they were left in a body together. One purchasing a farm with such an orchard on it, would make a material deduction in its value, on account of the condition in which the orchard was left. In no proper sense can it be said, that in such a case, can the value of the trees alone furnish any proper measure of the damages. The injury done is of a permanent character. The orchard cannot be restored to its exact condition before the fire, and it is uncertain whether it can, in many years, be approximately restored to its former condition. Surely, the injury will continue until remedied by the labor of man, and in such a sense, at least, it is permanent. Hale, Dam., 357.

Appellant relies on *Graessle v. Carpenter*, 70 Iowa, 166 (30 N. W. Rep. 392). We do not regard that case as controlling this. That decision was grounded upon the thought that "it was not shown that the acts complained of were of such nature as to permanently injure the real estate, or that the injuries cannot be repaired and the property restored to its condition before the trespass." We do not wish to be understood as approving the rule laid down in that case as applicable to damages to trees and shrubs; besides, the opinion was not unanimous. In the case at bar the injury is permanent. In *Greenfield v. Railway Co.*, 83 Iowa, 277 (49 N. W. Rep. 97), in speaking of growing timber kept for growth, this court said: "It was a part of the realty, and its loss affected the value of the realty." In that case the only question discussed was whether the measure of damages was the difference in the value of the timber land before and after the fire, and the court said: "It is manifest that the plaintiff suffered no less damage than the difference in the value of the timber land before and after the fire." In *Brooks v. Railway Co.*, 73 Iowa, 182 (34 N. W. Rep. 807), wherein recovery was sought for a locust grove burned, the court sustained an instruction to the effect the plaintiff was entitled to recover the value of the grove to the farm. The farm consisted of one hundred and twenty acres, of which twenty-five acres had been cut off by the railroad, and the grove was in that tract. The court said: "The defendant insists that the grove was valuable merely to this part. Each part, however, appears to have sustained some relation to the other part. The grove, doubtless, was designed to make the farm more habitable. If it had any value, its value, we infer, consisted principally in the fact that it furnished shade, and was a wind break, and perhaps, was ornamental, and so added somewhat to the value of the farm in its entirety." If a locust grove adds

to the value of a farm in its entirety, surely an orchard, which may be ornamental, and is certainly useful, must also add to the value of the entire farm. The true rule in such cases is that, "when the property destroyed or injured is so closely connected with the real estate on which it stands or to which it is attached that it has no value separate and independent of the real estate, or the injury is to the soil itself, the measure of damages is the difference in value between the real estate before the injury and after it." 3 Elliott, R. & S., section 1239; *Hayes v. Railroad Co.*, 45 Minn. 17 (47 N. W. Rep. 260), and cases cited; *Railroad Co. v. Spencer*, 149 Ill. 97 (36 N. E. Rep. 91); *Moore v. Railway Co.*, 78 Wis. 120 (47 N. W. Rep. 273); *Dwight v. Railroad Co.*, 132 N. Y. 199 (30 N. E. Rep. 398), and cases cited; *Ward v. Railway Co.* (Minn.) 63 N. W. Rep. 1104; *Railway Co. v. Haynes* (Kan. App.) 42 Pac. Rep. 259; *Railway Co. v. Hoover* (Kan. App.) 43 Pac. Rep. 854; *Railroad Co. v. Wallace*, 74 Texas, 581 (12 S. W. Rep. 227); *Railway Co. v. Fulmore* (Tex. Civ. App.) 29 S. W. Rep. 688; *Railway Co. v. Countryman* (Ind. App.) 44 N. E. Rep. 265; 5 Am. & Eng. Enc. Law, p. 36. The above authorities support the rule of the instruction given as applicable to the case of an orchard destroyed by fire, as also to cases where soil is destroyed by fire. We have no doubt that the rule of the instruction is a correct exposition of the law as applicable to such case.

II. In addition to testifying to the value of the farm before and after the fire, the plaintiff was permitted, against the defendant's objection, to testify touching the income from the orchard for several years prior to the fire. Error is assigned upon this ruling. The productiveness of the orchard was simply one element to be considered in determining the value of the land before and after the fire. True, usually, in such cases, the

witnesses for the claimant are simply asked to fix the value of the land before as well as after the fire, and the cross-examiner, if he sees fit, interrogates the witness as to what his opinion is based upon,—what matters he took into consideration in fixing the value of the land. However, we know of no rule of law which prevents the plaintiff from ascertaining from an examination in chief of the witness the facts upon which his judgment as to value of the land is based. It must be conceded that the product of the orchard is an element which adds to the value of the land. If such product is small, or of little value, the added value to the land may be comparatively small. Now, while it is true that the product for a certain year or years is no certain criterion of what it will be in other years, and while the price of the fruit may change, and the cost of producing it vary, still the amount produced in the past, and the value, may be shown, as indicating to that extent the basis upon which the witness had made his estimate as to the value of the land, and the cross-examiner may, as he did in this case, ascertain the correctness of the statement,—may show that trees die, that others become unproductive, that some years the product of the orchard is less in amount and of less value than it is in other years, and that some years it produces practically nothing. It is simply a question as to whether, on direct examination of the witness, he may be asked as to any fact which might properly be considered as an element entering into his judgment as to the value of the land. While the plaintiff is not bound, upon direct examination, to enter that field, yet he may do so, and, if the examination develops facts which show that the products of the orchard, or their value or cost of production, so vary that such evidence is unreliable as an element of value, it inures to the benefit of the defendant in lessening the weight of the testimony of the witness as

to the value of the land.    We think there was no error in the ruling.

III.    Some other questions are argued, relating to rulings upon evidence.    We have examined them, and discover no prejudicial error.    The judgment below is AFFIRMED.