## CLEVELAND SCHOOL DISTRICT v. GREAT NORTHERN RAILWAY COMPANY.

(28 L.R.A.(N.S.) 757, 126 N. W. 995.)

**Measure of Damages — Destruction of Shade Trees.**

Where shade trees are destroyed by the wrongful acts of another, and they

---

Note.—The holding in this case, that where shade trees which have no independent value are destroyed, the measure of damages is the difference between the value of the land before and after they were destroyed, is sustained by the weight of authority, as shown by an exhaustive review of the decisions in notes in 19 L.R.A. 653, 11 L.R.A.(N.S.) 930, and 28 L.R.A.(N.S.) 757; although it has been held in a few jurisdictions that, since there may be a difference of opinion as to whether a certain tract of land is more valuable with the trees than without them, thus making the injury one to the trees rather than to the land, the measure of damages is the fair and reasonable value of the trees destroyed, or, if the trees are only injured, the difference in value before and after the injury.

have no separable and independent value. or when their value is nominal, the measure of damages is the difference between the value of the land before and after they were destroyed.

Opinion filed May 21, 1910.

Appeal from District Court, Nelson county; *Honorable Chas. F. Templeton,* J.

Action by Cleveland School District, a corporation, against Great Northern Railway Company, a corporation. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Murphy & Duggan,* for appellant.

The value of the trees destroyed, as they stood at the time of the fire, is the true measure of damages. Kansas City & O. R. Co. v. Rogers, 48 Neb. 653, 67 N. W. 602; Fremont, E. & M. Valley R. Co. v. Crum, 30 Neb. 70, 46 N. W. 217; Missouri, K. & T. R. Co. v. Lycan, 57 Kan. 635, 47 Pac. 526; Atchison, T. & S. F. R. Co. v. Hays, 8 Kan. App. 545, 54 Pac. 322; Kansas City, Ft. S. & M. R. Co. v. Perry, 65 Kan. 792, 70 Pac. 876; Andrews v. Youmans, 82 Wis. 81, 52 N. W. 23; Gilman v. Brown, 115 Wis. 1, 91 N. W. 227; Atchison, T. & S. F. R. Co. v. Geiser, 68 Kan. 281, 75 Pac. 68, 1 A. & E. Ann. Cas. 812; Mogollon Gold & Copper Co. v. Stout, 14 N. M. 245, 91 Pac. 724; Hooper v. Smith (Tex. Civ. App.) 53 S. W. 65; Norfolk & W. R. Co. v. Bohannon, 85 Va. 293, 7 S. E. 236; Montgomery v. Locke, 72 Cal. 75, 13 Pac. 401; Stoner v. Texas & P. R. Co. 45 La. Ann. 115, 11 So. 875; White v. Chicago, M. & St. P. R. Co. 1 S. D. 326, 9 L.R.A. 824, 47 N. W. 146; Atkinson v. Atlantic & P. R. Co. 63 Mo. 367; Elvins v. Delaware & A. Teleg. & Teleph. Co. 63 N. J. L. 243, 76 Am. St. Rep. 217, 43 Atl. 903.

*Kelly & Sampson* and *Scott Rex,* for respondent.

The damage is the difference in the value of the land before and after the injury. Carner v. Chicago, St. P. M. & O. R. Co. 43 Minn. 375, 45 N. W. 713; Evans v. Keystone Gas Co. 148 N. Y. 112, 30 L.R.A. 651, 51 Am. St. Rep. 681, 42 N. E. 513; Hayes v. Chicago, M. & St. P. R. Co. 45 Minn. 18, 47 N. W. 260; Missouri, K. & T. R. Co. v. Lycan, 57 Kan. 635, 47 Pac. 526; Atchison, T. & S. F. R. Co. v. Geiser,

68 Kan. 281, 75 Pac. 68, 13 Am. & Eng. Enc. Law, pp. 538, 541; Joyce, Damages, § 2134; St. Louis, I. M. & S. R. Co. v. Ayres, 67 Ark. 371, 55 S. W. 159; Alberts v. Husenetter, 77 Neb. 699, 110 N. W. 657; Rowe v. Chicago & N. W. R. Co. 102 Iowa, 286, 71 N. W. 409.

CARMODY, J.   This action was brought to recover damages for the destruction of ninety-five shade trees, situated on plaintiff's property, adjacent to the right of way of defendant.   Plaintiff owns about 1½ acres of land adjoining the defendant's right of way, and had on this land on October 4, 1906, a consolidated school building, erected at a cost somewhat in excess of $6,000, and 95 to 100 young shade trees. The trees were set out in spring of 1904, and formed a double row along the westerly side and northerly end of the school ground.   They were destroyed by fire on October 4, 1906, set out and allowed to escape by defendant's section men, who were engaged in burning off defendant's right of way adjacent to plaintiff's property.   The evidence shows that at the time of the fire the trees had three seasons' growth and were in a thrifty, healthy condition.   About 100 trees had been broken down or dried, so that the 95 trees had been set out, a few had been broken down or dried, so that the 95 trees destroyed by the fire were practically all the trees on the premises.   Plaintiff in the complaint laid its damages at $950.   The jury returned a verdict for $573, upon which judgment was entered.   A motion for a new trial was made and denied, and this appeal is from such order and judgment.   On this appeal the controversy turns on the measure of damages to be adopted in such a case, and the admissibility of testimony of value.

This case was tried in the court below by respondent on the theory that the measure of respondent's damages was the difference in value of the school property before and after the fire, and was submitted to the jury on such theory.   The court charged the jury as follows: "In determining plaintiff's damages, if any, you will compare the actual value of plaintiff's property just before the fire and before the trees were burned, with the actual value of the same property after the fire and after the trees were burned.   The difference in value will be the amount that plaintiff is entitled to recover, if anything."   This instruction was excepted to by the appellant, and is assigned as error.   The case was tried in the court below by appellant on the theory that the cost of replacing

the trees was the measure of respondent's damages. In this court, however, the rule of damages for which appellant contends is the value of the trees destroyed, as they stood appurtenant to and attached to the realty, and contends that the damage could not in any event exceed the difference between the value of the land before and after the fire, the value of the trees as they stood must be limited to the difference between the value of the land entire before and after the fire. Appellant, however, argues with great force and plausibility, that the fact that the damages should not exceed the said difference does not mean that such difference is the most accurate or direct test of the loss. It contends that such damages should be exactly the same, no matter by which method they are measured, if they are properly proven and found, and that it is a settled general rule of law that the measure of damages should be adopted which is the most direct and easiest of accurate application, likewise the simplest; that the rule adopted offends against this general principle; that it is indirect, in attempting to ascertain the damages by a proposition in subtraction; it is inaccurate in its practical application, for the reason that it compels the jury to think in thousands of dollars in values, where the actual damages could not be more than a few hundred dollars. It seems to us that the rule to be adopted in any case depends upon the character and object of the particular action. Some courts hold that the plaintiff has his election to sue either for the value of the thing destroyed or for the injury to the freehold, that is, for the difference in value of the real estate before and after the fire. Bailey v. Chicago, M. & St. P. R. Co. 3 S. D. 531, 19 L.R.A. 653, 54 N. W. 596.

In Bailey v. Chicago, M. & St. P. R. Co. supra, which was an action to recover damages for burning and destroying trees and shrubbery, the court says: "A party injured as complained of in this action may bring his suit for destroying his trees, and in such action recover the value of such trees, not as a part of the realty, but their intrinsic value as detached and separated therefrom and proved in the usual mode of proving value; or he may bring his action for injury to his real estate, and recover its diminution in value. Each action has its appropriate rule of damages." In the case at bar, the plaintiff, having brought its action for injury to the real estate, we think the measure of damages laid down by the trial court is correct.

Although the authorities are not uniform, the true rule is believed to be, that where property attached to realty is destroyed by fire the plaintiff may, at his election, seek to recover its value in its detached form, or as part of the realty, in which latter event the measure would be the difference in the value of the realty before and after the fire. 13 Am. & Eng. Enc. Law, p. 540 and cases cited.

The measure of damages for the destruction of fruit, shade, ornamental, or growing trees or shrubbery, is the difference between the value of the land before and after they were destroyed. Joyce, Damages, § 2134 and cases cited; Carner v. Chicago, St. P. M. & O. R. Co. 43 Minn. 375, 45 N. W. 713; Hayes v. Chicago, M. & St. P. R. Co. 45 Minn. 17, 47 N. W. 260; Delaware, L. & W. R. Co. v. Salmon, 39 N. J. L. 299, 23 Am. Rep. 214; Bevier v. Delaware & H. Canal Co. 13 Hun, 254; St. Louis, I. M. & S. R. Co. v. Ayres, 67 Ark. 371, 55 S. W. 159; Evans v. Keystone Gas Co. 148 N. Y. 112, 30 L.R.A. 651, 51 Am. St. Rep. 681, 42 N. E. 513; Rowe v. Chicago & N. W. R. Co. 102 Iowa, 286, 71 N. W. 409; Hooper v. Smith (Tex. Civ. App.) 53 S. W. 65; Mogollon Gold & Copper Co. v. Stout, 14 N. M. 245, 91 Pac. 724; Atchison, T. & S. F. R. Co. v. Geiser, 68 Kan. 281, 75 Pac. 68, 1 A. & E. Ann. Cas. 812; St. Louis & S. F. R. Co. v. Noland, 75 Kan. 691, 90 Pac. 273; Bailey v. A. Siegel Gas Fixture Co. 54 Mo. App. 50; Central R. & Bkg. Co. v. Murray, 93 Ga. 256, 20 S. E. 129; Hoyt v. Southern New England Teleph. Co. 60 Conn. 385, 22 Atl. 957; Shannon v. Hannibal & St. J. R. Co. 54 Mo. App. 223; Cleveland, C. C. & St. L. R. Co. v. Stephens, 74 Ill. App. 586; Terre Haute & L. R. Co. v. Walsh, 11 Ind. App. 13, 38 N. E. 534; Stertz v. Stewart, 74 Wis. 160, 42 N. W. 214.

In Dwight v. Elmira, C. & N. R. Co. 132 N. Y. 199, 15 L.R.A. 612, 28 Am. St. Rep. 563, 30 N. E. 398, the court says: "A party may be content to accept the market value of the thing taken, when he is also entitled to recover for the injury done to the freehold. But if he asserts his right to go beyond the value of the thing taken or destroyed after severance from the freehold, so as to secure compensation for the damage done to his land because of it, then the measure of damages is the difference in value of the land before and after the injury. In this case the plaintiff was not satisfied with a recovery based on the value of the trees destroyed, after separation, from

the realty, of which they formed a part, as indeed he should not have been, as such value was little or nothing, so he sought to obtain the loss occasioned to the land by reason of the destruction of an orchard of fruit-bearing trees, which added largely to its productive value. This was his right, but the measure of damages in such a case is, as we have observed, the difference in value of the land, before and after the injury."

In Rowe v. Chicago & N. W. R. Co. supra, which was an action for damages for the destruction of an orchard by fire, the court says: "The true rule in such cases is that, 'when the property destroyed or injured is so closely connected with the real estate on which it stands or to which it is attached that it has no value separate and independent of the real estate, or the injury is to the soil itself, the measure of damages is the difference in value between the real estate before the injury and after it.' " In this case the court instructed the jury "that, as to the orchard, the measure of plaintiff's damage would be the 'difference between the fair market value of the plaintiff's farm of 60 acres, upon which said orchard was, not including the grass or fences injured or destroyed, immediately before the fire, and its fair market value immediately after the fire, as injuriously affected by said fire.' " The rule contended for by the defendant was as follows: "The measure of damages in this case is the difference in value of the orchard just before and its value just after the fire, as an orchard." The court says: "We think the rule announced in the instruction given by the court is correct, and it is supported by the great weight of authority. It is impossible to separate the orchard from the land in estimating the damages. Appellant's contention results in fixing the value of each tree destroyed or damaged by the fire, and the aggregate of such values would be the measure of plaintiff's recovery. Such a rule may well be held applicable to the destruction by fire of buildings, fences, and other improvements, which may at once be replaced, where the exact cost of restoring the property destroyed is capable of definite ascertainment, and where there is no damage to the realty itself."

In support of the rule laid down by the Iowa court it cites 3 Elliott, Railroads, § 1239, Minnesota, Illinois, Wisconsin, New York, Kansas, Texas, Indiana, and 5 Am. & Eng. Enc. Law, p. 36.

The rule of damages contended for by appellant in this court is

held the correct rule in a few of the states, notably Nebraska, and in the early cases in South Dakota. The great weight of authority, however, sustains the measure of damages laid down by the trial court in the case at bar.

None of the assignments of error by the appellant as to the admission or exclusion of testimony are well taken. The testimony shows that the growing trees had a nominal value as trees for timber, separate from the ground on which they grew. The testimony offered by the defendant, as stated by its attorney, was the following:

Mr. Duggan: "The defendant at this time offers to prove by this witness that the trees such as were upon the Cleveland School District property at the time of the fire have and had then an actual market value, which market value was between $15 and $20 per hundred. Furthermore that such trees are customarily carried in stock by dealers, and transplanted, and that such dealers sell, transplant, and care for such trees, and that it is a known fact among nurserymen that 90 per cent of such trees live, grow, and thrive in this climate and locality, and that all the trees such as were upon the Cleveland School District at the time of this fire, or as many of similar trees, can be planted upon that school district, guaranteed to grow, replaced if they do not grow, and such a number according to all the known experience of nurserymen, all at a cost less than $150; that such trees, that is box elders of the age, size, height, and quality of trees that were upon this school district have an actual market value."

Under the rule of damages as laid down by the court this testimony was inadmissible. It did not tend in any way to prove or disprove the plaintiff's damages. See cases hereinbefore cited as sustaining the measure of damages laid down by the learned trial court.

The order and judgment appealed from are affirmed. All concur.