G. A. SPICER and S. S. Davis, Copartners doing business as Spicer & Davis, v. NORTHERN PACIFIC RAILWAY COMPANY, a Corporation.

(128 N. W. 302.)

**Railroads — Fires — Evidence — Verdict.**

1. In an action to recover damages resulting from prairie fires negligently caused by defendant's servants, evidence examined and

*Held,* insufficient to justify the verdict, the record presenting a case of total failure of proof as to the extent of the damages suffered.

**New Trial — Sufficiency of Evidence.**

2. The complaint alleges four separate and distinct causes of action, in two of which plaintiff seeks to recover for alleged negligence in killing certain animals. A general verdict for $350 was returned, and the record does not disclose upon what the verdict was based.

*Held,* error to deny defendant's motion for a new trial.

Opinion filed October 13, 1910.

Note.—Liability of railroad for setting fires which spread to property of others, see notes in 21 L.R.A. 262; 23 L. ed. U. S. 357; and 62 Am. St. Rep. 171.

Appeal from District Court, Stutsman county; *Edward T. Burke, J.* Plaintiff recovered a verdict for $350, and from an order denying a motion for a new trial, defendant appeals.

Reversed and new trial ordered.

*Ball, Watson, Young & Lawrence,* for appellant.

Damages must be alleged and proven with reasonable certainty by competent evidence. 13 Cyc. Law & Proc. pp. 214, 215, 218, 219.

Where the proof shows damages, but not with reasonable certainty their extent, nominal damages alone should be awarded. M'Cutchin v. Batterton, 1 Mo. 342; Peoria & P. U. R. Co. v. Peoria & F. R. Co. 105 Ill. 110; Hair v. Barnes, 26 Ill. App. 580; Chicago & N. W. R. Co. v. Cicero, 157 Ill. 48, 41 N. E. 640; Sheedy v. Union Press Brick Works, 25 Mo. App. 527; Taylor v. Bradley, 39 N. Y. 129, 100 Am. Dec. 415; Hudson v. Archer, 9 S. D. 240, 68 N. W. 541; Howard v. Taylor, 99 Ala. 450, 13 So. 121; Hayes v. Delzell, 21 Mo. App. 679; Davis v. Texas & P. R. Co. — Tex. Civ. App. —, 42 S. W. 1008; International & G. N. R. Co. v. Simcock, 81 Tex. 503, 17 S. W. 47; Texas & P. R. Co. v. Curry, 64 Tex. 87; 1 Sutherland, Damages, p. 917; Van Alstyne v. Morrison, 33 Tex. Civ. App. 670, 77 S. W. 655; Muldowney v. Illinois C. R. Co. 36 Iowa, 462; Trapnell v. Red Oak Junction, 76 Iowa, 744, 39 N. W. 884; Nichols v. Dubuque & D. R. Co. 68 Iowa, 732, 28 N. W. 44; White v. Spangler, 68 Iowa, 222, 26 N. W. 85; Eckerd v. Chicago & N. W. R. Co. 70 Iowa, 353, 30 N. W. 615; Winter v. Central Iowa R. Co. 74 Iowa, 448, 38 N. W. 154; Hobbs v. Marion, 123 Iowa, 726, 99 N. W. 577; 5 Current Law, p. 937; Olson v. Huntamer, 6 S. D. 364, 61 N. W. 482; Smith v. Evans, 13 Neb. 314, 14 N. W. 406; Galveston, H. & S. A. R. Co. v. Rheiner, — Tex. Civ. App. —, 25 S. W. 971; Williams v. Brown, 76 Iowa, 643, 41 N. W. 377; Mackey v. Monahan, 13 Colo. App. 144, 56 Pac. 680; Waldrop v. Greenwood, L. & S. R. Co. 28 S. C. 157, 5 S. E. 471.

*John Knauf,* for respondent.

FISK, J. Defendant appeals from an order denying its motion for judgment *non obstante veredicto* or for a new trial. It relies, for a reversal of the order, solely upon the ground of alleged insufficiency of the evidence to justify such verdict.

Four distinct causes of action are set forth in the complaint, based

upon alleged acts of negligence on defendant's part in setting certain prairie fires, which spread to plaintiffs' lands, and in injuring certain animals belonging to them by alleged negligence in operating its trains. No question is raised as to the improper joinder of these several causes of action. Issue was joined by answer upon each cause of action, and the jury returned a general verdict in plaintiffs' favor for the sum of $350. The abstract presents for our consideration merely the evidence relating to the causes of action based upon the prairie fires, and the issues were, by express admissions of defendant's counsel, narrowed to the single questions as to whether the fire burned over plaintiffs' lands, and if so, the extent of plaintiffs' damages thereby caused. The evidence abundantly established that the fires spread and burned over plaintiffs' lands as alleged, but it is wholly lacking as to the extent of the detriment thereby suffered by plaintiffs. We have searched the printed record in vain to find any testimony upon which the verdict can be permitted to stand. We are unable to find even a scintilla of evidence to warrant the trial court in submitting to the jury these causes of action. Certain testimony was offered by plaintiffs' counsel, bearing upon the question of the extent of the damage, but the same was rejected by the trial court on defendant's objection. Whether these rulings constituted error, it is unnecessary to determine. Whether correct or not, the fact remains that, as the record stands, there was nothing upon which the jury could base a finding as to damages, and it was, therefore, error to submit the question to them. It is elementary that a jury will not be permitted to arrive at a verdict on mere speculation, conjecture, or guess; and this is what they were forced to do in this case in so far as two of the causes of action are concerned. Respondents' contention that appellant cannot profit by error which it invited is no doubt correct, but it does not meet the question here presented; for, as we view the record, there is no testimony, either erroneously or correctly admitted, which would justify a submission of the question of damages to the jury.

While, as before stated, it is unnecessary to a decision of this appeal that the correct rule of damages be determined, we deem it not improper, in view of another trial in the court below, to intimate that the rule contended for by plaintiffs' counsel seems to find support in the case of Cleveland School Dist. v. Great Northern R. Co. 20 N. D.

124, 28 L.R.A.(N.S.) 757, 126 N. W. 995, recently decided by this court.

The total sum claimed under the other causes of action was $200 and interest, and the status of the record is such that we are unable to say whether any portion of the general verdict is based upon these causes of action. We are therefore unable to uphold any part of the recovery, and the order appealed from, in so far as it denied the motion for a new trial, must be reversed and a new trial ordered.   All concur.