METROPOLITAN LIFE INS. CO., Respondent, v.
FARMERS CO-OP. CO., et al, Appellants

(2 N. W.2d 665.)

(File No. 8456. Opinion filed February 28, 1942.)

**E. E. Sullivan,** of Sioux Falls, for Appellants.
**Louis N. Crill,** of Sioux Falls, for Respondent.

RUDOLPH, P. J.   Plaintiff brought this action seeking to recover damages for the destruction of a certain fence. The complaint alleged that the plaintiff was the owner of certain real property in Turner County, South Dakota, and that the defendants wrongfully entered upon the real property and took down and removed a fence therefrom, and converted the same to their own use.   The case was tried to a jury and resulted in a verdict in favor of the plaintiff. The defendants have appealed.

Defendants contend that the complaint improperly joined an action for trespass and one for conversion, and that plaintiff should have been compelled to elect upon which type of action it would proceed.   The trial court treated the action as one seeking to recover damages for

injury to real property, and we think this was correct. The ownership of the farm is alleged, and it is further alleged that the fence was removed therefrom. By the pleading of these facts, plaintiff has sufficiently alleged an injury or damage to the real estate which it owned. We are satisfied that the mere statement in the complaint that the fence was converted to the use of the defendants does not require that the action be treated purely as an action in conversion. The trial was conducted by the court on the basis of an action seeking to recover damages for an injury to real estate, and the jury was instructed on that basis.

The principal error assigned relates to the measure of damages. The court instructed the jury that the plaintiff should recover "the reasonable value of the fence that was taken by defendants as it stood upon plaintiff's farm." The appellants contend that in an action to recover damages for injury to real estate, the measure of the damages is the difference in value of the real estate before and after its injury. Appellants cite the cases of Ulrick v. Dakota Loan & Trust Co., 2 S. D. 285, 49 N. W. 1054; and Bailey v. Chicago, M. & St. P. Ry. Co., 3 S. D. 531, 54 N. W. 596, 19 L. R. A. 653. We do not believe an extended discussion of these cases is necessary. Conceding that they establish a general rule such as claimed by appellants, nevertheless, we do not believe any such rule should be applied to the facts now before us. We are here concerned with the destruction of a wire fence which may be replaced at will and the value of which may be readily determined apart from the real estate. We think the sound measure of damages for the destruction of property of the nature of that here involved is its value as it stands on the real estate, which may be ascertained by determining the cost of constructing a similar fence or structure, and deducting therefrom the depreciation the old one had suffered by reason of age and use. 15 Am. Jur., Damages, § 117; Annotation, 54 A. L. R. 1278.

In addition to receiving evidence as to the value of the fence as it stood upon the farm, the trial court permitted one witness for plaintiff to testify as to the value of

the farm before and after the destruction of the fence. Whether the introduction of this type of evidence in another case would be error, we need not decide, for in this case the evidence disclosed the same amount of damage as the evidence relating to the reasonable value of the fence.

.The judgment appealed from is affirmed.

All the Judges concur.