MILLER, Respondent, vs. NEALE and another, Appellants.

*December 18, 1908—January 5, 1909.*

*Fires: Negligence: Trial: Questions for jury: Usage and custom: Appeal and error: Harmless error: Evidence: Competency: Res gestæ: Examination of witnesses: Cross-examination: Requests for instructions to jury: Damage to standing timber: Measure of damages.*

1. A man may lawfully burn rubbish or brush upon his own land if he exercises that prudence in the starting of the fire and the management thereof after it has started which the rules of ordinary care demand.

2. A man starting a fire on his own land is using a dangerous agent, and when there is much inflammable material on the ground, and the wind is strong in the direction of his neighbors' lands, he may be charged with negligence if he sets a fire, or if, having set it, he does not exercise that care to keep it under control which ordinary prudence dictates.

3. In an action to recover damages resulting to the plaintiff's standing timber by reason of a fire alleged to have been negligently set on the defendants' land by their servant and which escaped from control and spread upon plaintiff's land, the evidence, stated in the opinion, is *held* sufficient to entitle the jury to find that there was negligence both in starting the fire and in taking care of it after it was started.

4. In such case the evidence on the question of contributory negligence on the part of the plaintiff is *held* to have presented a question for the jury.

5. In an action to recover damages resulting to plaintiff's standing timber by reason of a fire alleged to have been negligently set on defendants' land, plaintiff, on cross-examination, admitted that there was a custom at an early day to burn over both pasture and timber land, but directly denied the existence of such custom for some years before the fire, where pasture and timber joined, which evidence was stricken out. *Held*, irrespective of the question whether evidence of custom would be competent, that there was no prejudice to defendants in striking out the testimony.

6. In an action to recover damages resulting to plaintiff's standing timber by reason of a fire alleged to have been negligently set on defendants' land by their servant, declarations of the servant made in connection with and throwing light upon his acts in starting the fire are *held* admissible as part of the *res gestæ.*

7. Where the servant of defendants was called as a witness for the plaintiff, the fact that the servant was afterwards called and fully examined as a witness for defendants, and was not an adverse or unwilling witness, sufficiently cures any alleged error in limiting his cross-examination when called as a witness for the plaintiff.

8. Refusal of requests for instructions to the jury is *held* to be without error, where, so far as they stated correct principles of law applicable to the case, they were included in the charge as given, and those not so included had no substantial evidence on which to base them.

9. In an action to recover damages by fire to standing timber, where the evidence as to damages was not very satisfactory, it is *held* that there was no positive error in rulings on the admission of evidence, nor in instructing the jury that in assessing damages they should be fair and just and fix such sum as would compensate the plaintiff for the injury which the preponderance of the evidence established that he actually sustained solely as the result of defendants' negligence.

10. The true measure of damages when standing timber is destroyed by fire seems to be the diminution in the value of the land caused by the injury to the timber.

11. Where standing timber is destroyed by fire it is not error to admit proof of the damage to the timber itself. While such proof does not determine the measure of the damages, it is entirely legitimate proof and entitled to be considered by the jury in fixing the diminished value of the land.

12. In an action to recover damages for loss to standing timber destroyed by fire, plaintiff's admission that his statement as to the damage to the trees was a mere guess is *held* to mean a rough estimate and not an accurate judgment based on careful measurement, and hence no error was committed in refusing to strike out his testimony on that subject.

APPEAL from a judgment of the circuit court for Marquette county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

This is an action to recover damages resulting to the plaintiff's standing timber by reason of a fire alleged to have been negligently set on the defendants' land by their servant and which escaped from control and spread onto the plaintiff's land. There was a general verdict for the plaintiff, assessing

his damages at $125, and from judgment thereon the defend-
ants appeal.

The plaintiff and the defendant *William Neale* own adjoin-
ing farms separated by a north and south country highway.
The defendant's farm is on the west side of the highway and
the plaintiff's on the east, and the plaintiff's wood lot is on
the south side of his land adjoining the highway. *Page
Neale* is a son of *William,* and was living upon and working
*William's* farm at the time of the fire, while *William* lived at
some distance, but was at the farm occasionally, and, so far
as the evidence shows, was managing the farm with his son.
On the morning of the 22d of April, 1905, at about 8 o'clock,
one Belcher, who was a hired man employed by the *Neales,*
set a fire upon the defendants' land for the purpose of clean-
ing out some grass and brush preparatory to building a fence
between a pasture lot and a wood lot, under general direc-
tions from the defendants which had previously been given.
There was considerable dry grass and brush on the ground
between the starting point of the fire and the plaintiff's land,
and there was evidence that a strong northwest wind was
blowing, although this latter fact was in dispute. The fire
spread eastward and southward and got beyond control.
Belcher finally started a back fire near the highway in order
to arrest the progress of the original fire, but the attempt was
unsuccessful, and the fire crossed the highway about noon and
did some damage in the plaintiff's timber, the amount of
which was in dispute.

*Daniel H. Grady,* for the appellants.

*D. W. McNamara,* for the respondent.

WINSLOW, C. J. A man may lawfully burn rubbish or
brush upon his own land if he exercises that prudence in the
starting of the fire and the management of it after it is started
which the rules of ordinary care demand. He is using a
dangerous agent, and when there is much inflammable ma-
terial on the ground, and the wind is strong in the direction

of his neighbors' lands, he may well be charged with negligence if he sets a fire, or if, having set it, he does not exercise that care to keep it under control which ordinary prudence dictates. These principles are fundamental, and they form a sufficient answer to the defendants' contention that there was no evidence of negligence and hence that a nonsuit should have been granted. There was sufficient evidence in the present case to entitle the jury to find that there was negligence, both in starting the fire and in taking care of it after it was started.

Many minor errors are assigned, all of which have been examined and the more important of which will be noticed. It is said that the plaintiff was guilty of contributory negligence, as matter of law, because he was working in his own field some eighty rods distant from the starting point of the fire and saw the smoke during the forenoon, but did not go to the place of the fire or offer assistance until about the time when it crossed the highway. This question was clearly one for the jury. The evidence on the subject was not so conclusive as to warrant the court in saying that the rules of ordinary care required him to do more than he did.

Upon the cross-examination of the plaintiff the court permitted the defendants to ask a number of questions concerning the custom of farmers in that locality with reference to burning off grass and brush at that time of year. At a later stage of the case the court struck out the evidence, and this ruling is assigned as error. On examination of the testimony so stricken out we find that, while plaintiff admitted that there was a custom in an early day to burn over both pasture and timber land, he directly denied that there was any such custom at the time of the fire and for some years prior thereto, where, as in this case, pasture and timber joined. Irrespective of the question, therefore, whether evidence of custom would be competent, there was no prejudice to the defendants in the striking out of the testimony.

One of plaintiff's witnesses, named Grosskratz, who was a

farmer living north and east of the starting point of the fire, testified that he was with Belcher when he started the fire, and that just before starting it Belcher asked him if it would harm his buildings, and he looked at the wind and saw it was coming from the northwest and told Belcher that it would do no harm. This testimony was objected to, and its admission is now assigned as error. Clearly, these remarks were declarations made in connection with and throwing light upon the main fact in controversy, namely, the setting of the fire, and were admissible as part of the *res gestœ.*

Errors are assigned because the plaintiff was allowed to testify that the timber was good timber, also that he was keeping it for his own use, and because the defendants were not permitted to fully cross-examine the man Belcher when called as a witness for the plaintiff. The first two of these assignments of error are trivial in their nature, and the rulings could not be prejudicial, even if it be admitted that they were technically erroneous. As to the alleged improper limiting of the cross-examination of Belcher, it is sufficient to say that he was afterwards called and fully examined as a witness for the defendants, and was not an adverse or unwilling witness, and that the defendants then had full opportunity to examine him upon the subjects as to which they desired to cross-examine him.

A large number of instructions were requested by the defendants, all of which were refused, and these rulings are now assigned as error. We shall not consider the instructions requested in detail. The trial court gave the jury a comprehensive and substantially correct charge, placing before them the legal principles which should govern the deliberations, without repetition and with commendable clearness and brevity. So far as the requested instructions stated correct principles of law applicable to the case they were included in the charge given. A number of these requested instructions touched upon the question of a supposed change in the velocity or direction of the wind during the progress of

the fire, and upon the legal effect of such change upon the question of defendants' negligence. None of these instructions were given or incorporated in the general charge, for the very sufficient reason that there was no substantial evidence on which to base them. The nearest approach to evidence showing a change, either in the velocity or direction of the wind, was some testimony that the fire worked eastward for a time and then southward; but this might easily result from the nature of the intervening ground and the presence or absence of combustible material in the course of the fire, and there is practically no evidence to show that it resulted from change of wind.

Various exceptions bring up the question whether there was error in the rulings or instructions to the jury on the question of the measure of damages. The plaintiff, after stating the kind of timber in his wood lot and that twelve acres of the timber was entirely killed by the fire and the other eighteen acres blackened, was allowed to answer, against objections, that in his opinion the damage to the timber was about $300. On cross-examination he stated that he did not count the trees, and that his statement of damages was not based on measurement or accurate inspection, but was a guess. Thereupon the defendants moved to strike out plaintiff's answers as to the value of the timber burned, but the motion was overruled. On redirect examination he testified that the land with the timber on it prior to the fire was worth about $35 per acre and after the fire about $20 per acre. One Baker, who was a farmer and a witness called by the plaintiff, testified to an examination of the timber after the fire and that about one third of the trees were dead, and that in his opinion the land was worth $20 to $35 an acre before the fire, and after the fire $10 less an acre. Several witnesses for the defendants testified to an examination of the woods just prior to the trial and that in their opinion the damage to the timber by fire was about $15 in all.

The foregoing constituted all the evidence that was given

on the subject, and the court charged the jury that in assessing damages they should be fair and just, and fix such sum as would compensate the plaintiff for the injury which the preponderance of the evidence established that he actually sustained, solely as a result of the defendants' negligence. No definite rule as to the mode of ascertaining the damage was given by the court or requested by either party. While the evidence was not very satisfactory on the subject, and the charge was merely general, we are unable to see that any positive error was committed either in the rulings or in the charge. Doubtless, the true measure of damages was the diminution in the value of the land caused by the injury to the timber (*Nelson v. Churchill,* 117 Wis. 10, 93 N. W. 799), and doubtless, also, the trial court would have given a definite instruction to this effect had it been requested; but it was not, and it certainly was not error to say that the plaintiff was entitled to recover such sum as would compensate him for the injury sustained which was caused by defendants' negligence. Nor was it error to admit proof of the damage to the timber itself. While such proof does not determine the measure of the damages, it was entirely legitimate proof and entitled to be considered by the jury in fixing the diminished value of the land. *Nelson v. Churchill, supra.* The plaintiff's admission that his statement as to the damage to the trees was a mere guess, evidently meant that it was a rough estimate and not an accurate judgment based upon careful measurement, and hence there was no error in refusing to strike out his evidence on the subject.

*By the Court.*—Judgment affirmed.