DORA PLAUDE v. MISSISSIPPI & RUM RIVER BOOM COMPANY.[1]

December 6, 1918.

No. 20,890.

**Navigable water — log and ice jam — injury to riparian owner.**
1. The evidence justified the jury in finding that the negligence of the defendant was the cause of the formation of an immense ice and log jam in the Mississippi river, resulting in the overflow and damage to plaintiff's land.

**Same — evidence.**
2. It was not error to receive evidence that defendant's works in the river had, during the course of time, changed the natural conditions of the river bed and created sand bars and obstructions therein.

**Admissibility of opinion evidence.**
3. No reversible error is found in allowing a witness to give an opinion touching a matter in which he had had a long experience, and also where it was extremely difficult for the witness to so describe. the situation to the jury that they could form an accurate conception of what the witness saw and therefrom be able to form a correct opinion.

**Cross-examination — cost of replacing land.**
4. A witness who testified that the market value of plaintiff's farm was not diminished by the injury, except by the value of the acres washed away, was properly cross-examined upon what it would cost to restore the land to its condition before the injury occurred.

[1]Reported in 169 N. W. 600.

**Navigable water — removal of logs from land of riparian owner.**
5. The defendant was liable for the injury to the soil occasioned when it removed the logs from plaintiff's land.

**Damages not excessive.**
6. The damages are not excessive.

Action in the district court for Wright county to recover $3,000 for injury to certain land caused by defendant's negligence. The answer alleged that, if plaintiff's premises were damaged in the spring of 1916, the injury was not caused by want of care of defendant, but resulted solely from the act of God, the law of nature, climatic conditions and extraordinary conditions and circumstances in the Mississippi river, over which defendant had no control, all of which caused an unprecedented flood in that river. The case was tried before Giddings, J., who at the close of the evidence denied defendant's motion for a directed verdict, and a jury which returned a verdict in favor of plaintiff for $1,110. From an order denying its motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*William A. Tautges,* for appellant.
*S. A. Johnson* and *Daniel F. Foley,* for respondent.

HOLT, J.

Plaintiff recovered damages for injury to her farm caused by the alleged negligence of defendant. The appeal is from an order denying the motion in the alternative for judgment notwithstanding the verdict or a new trial.

The farm is located on the banks of the Mississippi river, a short distance above Elk river. The course of the river is at this place almost due east, plaintiff's north boundary being the river. Some 15 acres near the river are a few feet above the high water stage. It is claimed in the complaint that defendant, a corporation duly chartered to take charge of the transportation and floating of all logs on the Mississippi river, maintained a storage pocket at Davis Island where some five million feet of logs were kept, and that the piers and piling holding them were inadequate and had been negligently allowed to become rotten and insufficient for the purpose intended. The foot of Davis Island is some

80 rods west of plaintiff's premises. Defendant was also charged with negligence in maintaining piles and sheer booms a few rods east of this farm at the head of Warner's Island, an island near the north shore of the river, and Cooley's bar which runs out from the shore and is very shallow until within a short distance of the island. The evidence tends to show that a large patch of ice between Davis Island and Warner's Island began to move down the river April 2, 1916, and lodged across Cooley's bar, filling the channel of the river clear to the head of Warner's Island, and when, the day following, the logs in the Davis Island pocket went out and the ice from up the river came against this large patch of ice, a jam was formed which quickly dammed the river, so that the waters rose from 12 to 20 feet above the high water mark. When this dam went out on April 8 it was found that two acres of plaintiff's land had disappeared, a deep, wide channel was dug where formerly a small spring ran, the ice and logs injured some of the timber, sand in large quantities was deposited on the land, also some 2,400 saw logs, and that in removing these logs defendant further dug out and damaged the soil.

The main contention is that the evidence does not justify a finding of negligence, but shows clearly that the injury resulted from the unprecedented and extraordinary conditions brought about by the forces of nature and which defendant could neither anticipate nor avert. We have gone through the mass of testimony introduced with care, and while it must be admitted that both as to the charge of negligence and the overpowering force of nature the proof seems to favor defendant's contentions, there is, nevertheless, evidence to such extent supporting the finding of the jury, that the negligence charged existed and that no defense was made out, that, under the well settled practice, this court should not disturb the verdict. The storage pocket at Davis Island was a shallow channel or slough between the island and the south shore of the river, the main stream being on the north side of the island. There had been maintained some piling at the entrance to this pocket, which had been either abandoned or allowed to become inefficient; but the main proposition was that the piling and piers at the foot of the island were inadequate to hold the great quantity of logs there stored and had become weakened from decay, and that defendant by its works unduly narrowed and unnecessarily obstructed the main channel of the stream at Cooley's

bar, opposite the head of Warner's Island, so as to prevent the large patches of ice, which at times came down the river, from passing. There was evidence tending to prove these claims. All agreed that the large cake of ice which broke loose below Davis Island did not pass over the obstructions at Warner's Island and Cooley's bar, but stuck fast there, and that, when the five million feet of logs broke out of the storage pocket at Davis Island slough, they, with the ice floating in the river, formed this enormous dam whereby the destruction was wrought upon plaintiff's land.

The errors assigned upon the rulings at the trial may be treated under a few heads. Plaintiff was permitted to show that the works, pilings and piers of defendant had changed the natural conditions in the river bed, causing sand bars to form, some witnesses testifying to works constructed and bars forming many years back. There is some support for this sort of testimony in Torgerson v. Crookston Lumber Co. 123 Minn. 476, 144 N. W. 154. If defendant's use of the river has been such as to create unreasonable obstructions to the passing of ice, it would seem that the farther back such improper use can be traced the clearer is negligence revealed.

A witness was allowed to state that in his opinion the large ice floe that blocked the river at Cooley's bar would have passed but for the existence of the piers and pilings at that point. The objection interposed was that the witness had not qualified as an expert, and also that the occasion was one where the expression of an opinion by a witness, expert though he be, invaded the function of the jury. The witness came very near being an expert because of his long experience and observation of conditions of the river at this vicinity. He had for 20 years operated a ferry at the place where this large patch of ice had formed and whence it started on its course; he had been interested in observing how the ice went out each spring; he was familiar with the pilings, piers and bars in the river at the place in question; he had noticed the peculiar position in which the ice floe was held, and observed how the stage of water changed. It was extremely difficult for any witness, no matter how well he knew the situation, to so describe it to the jury that they could arrive at an opinion or conclusion as accurately as could the witness. The case of Aikin v. St. Croix Lumber Co. 88 Minn. 119, 92 N. W. 537, cited by

defendant, is hardly in point, the expert there attempted to give an opinion upon facts not shown to exist. We think the facts of this case bring it rather within the rule applied in State v. Lucy, 41 Minn. 60, 42 N. W. 697. See also Burnett v. Great Northern Ry. Co. 76 Minn. 461, 79 N. W. 523, and Jones v. Burgess, 124 Minn. 265, 144 N. W. 954. We think the ruling right.

The court did not err in permitting a rigorous cross-examination of a witness who persisted in the opinion that the market value of the farm was the same before and after the injury except as diminished by the value of the two acres swept away. Even if not necessary to show the unreasonableness of the witness' viewpoint, it was proper cross-examination to inquire of him what the cost would be to restore the flooded ground to its original condition as affecting his opinion of the market value after the injury. Hueston v. Mississippi & R. R. Boom Co. 76 Minn. 251, 79 N. W. 92, and Reynolds v. Great Northern Ry. Co. 119 Minn. 251, 138 N. W. 30, 52 L.R.A. (N.S.) 91.

Exception is taken to the part of the charge in which, after stating that defendant had a right to go upon plaintiff's land and remove the logs, the jury were told that notwithstanding this right it was liable for all injury done the land in accomplishing the removal. This appears to us sound law, so given in Gould, Waters (3d ed.) § 102, and Sheldon v. Sherman, 42 N. Y. 484, 1 Am. Rep. 569, even though the logs escaped through no fault of their owner or custodian. But, were the law otherwise than as stated by the learned trial court, the defendant was not prejudiced, for the verdict is certainly bottomed on defendant's negligence. The damages allowed for the injury caused in removing the logs could have been but a small part of the amount of the verdict. The logs having been deposited upon plaintiff's land because of defendant's negligence, no question can be raised as to its responsibility for all injuries done to the soil in their removal, and this irrespective of the care used in the operation.

The damages are said to be excessive. They appear generous, but there is evidence justifying a larger award. The trial court has approved the amount fixed by the jury, and the record does not warrant this court's holding it excessive.

The order must be affirmed.