## AUSTIN BAILLON AND ANOTHER v. CARL BOLANDER & SONS COMPANY.

235 N. W. 2d 613.

November 7, 1975—No. 44941.

*Doherty, Rumble & Butler* and *Bruce E. Hanson,* for appellants.

*Jardine, Logan & O'Brien* and *Alan R. Vanasek,* for respondent.

Heard before Otis, Todd, and MacLaughlin, JJ., and considered and decided by the court en banc.

OTIS, JUSTICE.

This an action for treble damages arising out of the destruction of standing trees on urban real estate by a highway contractor in the course of building a freeway. The case was tried to the court without a jury, and plaintiffs were awarded the sum of $500 in actual damages. Two issues are raised by plaintiffs on appeal from the judgment. First, that the measure of damages should be the replacement cost of the trees and not, as the trial court held, the diminution in value of the real estate. As to that issue, we affirm. Second, that plaintiffs were entitled to treble damages and not simply actual damages. As to that issue, we reverse.

The facts are not in dispute. In the summer of 1971, the Highway Department of the State of Minnesota attempted to secure from plaintiffs a temporary construction permit giving the state an easement to go on plaintiffs' property at 8 Crocus Hill, St. Paul, adjacent to the south line of which defendant was constructing Interstate Highway No. 35E. Notwithstanding plaintiffs' refusal to grant such an easement, defendant went on their land and cut or destroyed a number of trees and shrubs which were growing near the highway. The trial court made the following findings with respect to the nature of the trespass:

"* * * While performing its work in the construction of said highway, the defendant made a trespass upon the premises owned by the plaintiffs and cut down and carried away certain trees and shrubs which it was not necessary to cut down and carry away for the purposes of the defendant, and which did not protrude out over the highway. The plaintiffs desired to have the particular trees to preserve a natural and wild appearance and to help in avoiding noise from the highway as well as to preserve the beauty of the premises.

* * * * *

"The plaintiffs were damaged by the intentional acts of the defendant in the sum of $500."

1. Plaintiffs argue that the proper measure of damages is the replacement cost of the destroyed trees which their expert testified would exceed $2,000. Defendant's landscape expert testified that the value of the destroyed trees was $400 and damage to other trees $100. Defendant's real estate expert, however, testified that the real estate sustained no diminution in value whatever.

It has long been the rule in this state that the measure of damages for destruction of trees and shrubbery is the difference between the value of the land before and after the damage has been inflicted. Reynolds v. G. N. Ry. Co. 119 Minn. 251, 138 N. W. 30 (1912); Hueston v. Mississippi & Rum River Boom Co. 76 Minn. 251, 255, 79 N. W. 92, 93 (1899).[1] There was evidence that the trees which were destroyed were, for the most part, quite small, ill-formed, and not particularly desirable as shade trees or ornamental trees but did serve to prevent erosion and act as a sound barrier. There is merit in defendant's argument that to use a replacement cost as the measure of damages would be to replace "deformed, unhealthy, crooked and unsightly trees with vigorous, healthy, well-shaped and well-formed trees." To adopt the replacement rule would here conceivably involve an expense greatly out of proportion to the actual damage to the real estate. Although plaintiffs invite us to confine the proposed rule to cases where the trespass has been willful, we believe that the treble-damage statute hereafter discussed adequately provides for compensation under the conditions which plaintiffs describe. Accordingly, we affirm as to the measure of damages utilized by the court and hold that the amount was adequate under the evidence before it.

2. Minn. St. 561.04 provides as follows:

---

[1] In The Rector, etc., of St. Christopher's v. C. S. McCrossan, Inc. 306 Minn. 143, 235 N. W. 2d 609 (1975), argued as a companion case, and released herewith, we have authorized the "cost of replacement" rule as an alternative measure of damages where the "diminution in value" rule would unjustly deny the owner adequate compensation.

"Whoever without lawful authority cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise injures any tree, timber, or shrub, on the land of another person, or in the street or highway in front of any person's house, city lot, or cultivated grounds, or on the commons or public grounds of any city or town, or in the street or highway in front thereof, is liable in a civil action to the owner of such land, or to such city or town, for treble the amount of damages which may be assessed therefor, unless upon the trial it appears that the trespass was casual or involuntary, or that the defendant had probable cause to believe that the land on which the trespass was committed was his own, or that of the person in whose service or by whose direction the act was done, in which case judgment shall be given for only the single damages assessed. This section shall not authorize the recovery of more than the just value of timber taken from uncultivated woodland for the repair of a public highway or bridge upon or adjoining the land."

The court found and the evidence compels a finding that defendant's trespass was not necessary for its purposes, that the trees cut did not protrude out over the highway, and that defendant's acts were intentional. Under these circumstances, it was clearly the duty of the trial court to assess treble damages unless defendant's activities came within one of the exceptions specified in the statute. In that regard, defendant argues that the trespass was "casual." We do not agree. No such claim was made to the trial court or suggested in defendant's appellate brief. In Lawrenz v. Langford Elec. Co. 206 Minn. 315, 323, 288 N. W. 727, 731 (1939), we approved a charge to the jury defining "casual" as meaning "thoughtless, or accidental or unintentional." There, we also cited Webster's New International Dictionary (2d 1935) as defining "casual" as synonymous with "unforeseen, unpremeditated, * * * fortuitous." By any of these definitions we reject the claim that defendant's trespass was "casual" and hold that plaintiffs are entitled to treble damages as a matter of

law. The matter is therefore reversed and remanded with directions to enter judgment for plaintiffs in the sum of $1,500.

Reversed and remanded with directions.