No. 85-363

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

ALDO KEBSCHULL,

        Plaintiff and Appellant,

  -vs-

HARVEY NOTT,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        George T. Radovich, Billings, Montana

    For Respondent:

        Laurence R. Martin, Billings, Montana

---

Submitted on Briefs: Oct. 10, 1985

Decided: January 28, 1986

Filed: JAN 28 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from a judgment of the District Court of the Thirteenth Judicial District in and for Carbon County, Montana. The Honorable G. Todd Baugh entered a judgment in favor of the plaintiff, but no damages were awarded because of a prior ruling by the Honorable Charles Luedke restricting damages. We affirm.

Plaintiff, Kebschull, owns a 170 acre farm about three miles northeast of Bridger, Montana, on the Clarks Fork of the Yellowstone River. He leased 120 acres of arable land to defendant, Nott, who farmed it. Kebschull lived on the remaining portion, and pastured a few cattle. While Nott was burning brush along a ditch bank to clear it, a strong wind arose, and in spite of Nott's efforts to contain the fire, it spread from the ditch to Kebschull's river bottom land adjacent to the ditch, including a bushy, wooded island. The area which was burned is approximately 5.8 acres of natural, unimproved growth, consisting mainly of underbrush and noncommercial trees, mostly cottonwoods. Nott's liability for starting the fire is not disputed. There is testimony the fire did not result in any diminution in the fair market value of the burned property.

Kebschull filed an action to recover damages for the destruction of the growing vegetation. Prior to trial the District Court ruled, on motion for summary judgment, that Nott was stricktly liable for damages from the fire. On cross-motions in limine the court ruled the proper measure of damages in this case was the difference in market value of the real property before and after the fire. The parties stipulated that Nott set the fire and the fire was the

2

proximate cause of the damage to the vegetation. Only the issue of damages proceeded to trial and the evidence at trial was limited by the court's prior ruling granting Nott's motion in limine excluding evidence relative to the replacement value of the destroyed items. No damages were awarded because both Kebschull's and Nott's appraisers agreed there was no difference in the market value of the burned property before and after the fire.

Kebschull's appeal raises only the legal issue of whether the District Court's ruling on the cross-motions in limine and resulting limitation of evidence at trial is correct as a matter of law.

By granting Nott's motion in limine the court correctly ruled the proper measure of damages for the injury by fire to growing vegetation on the property is the difference between the market value of the real property before and after the fire.

Kebschull argues he must be allowed restoration costs, citing Spackman v. Ralph M. Parsons Co. (1966), 147 Mont. 500, 414 P.2d 918, and Bos v. Dolajak (1975), 167 Mont. 1, 534 P.2d 1258. Kebschull misinterprets these cases, however. Spackman does not allow restoration costs. In Spackman sewage backed up into the basement of plaintiff's motel causing considerable damage to various machines and personal property stored there. Plaintiff made a careful list of all damaged items, valuing many of them as though they were new although they were not. The Court said the purpose of awarding damages is to compensate the injured party for actual loss or injury -- no more, no less.

> [There are many] ingenious methods, systems and formulas for determining in monetary terms the value of property

> partially damaged or destroyed . . . Another guide or measure concerns property damaged but not totally destroyed, in which case the generally accepted estimate of damages is the difference in market value at the place before and after injury.

Spackman, 147 Mont. at 506-507, 414 P.2d at 921-922. Ultimately good sense must be applied, rather than mechanical application of formulas.

This Court is aware that rigid adherence in all cases to the above rule would not always serve the objectives of compensating the injured party for actual loss. In some cases the property might be more valuable after destruction of part of it, and strict application of the rule would penalize the owner and reward the wrongdoer. Nor should a landowner be forced by this method to put his land to a use for which he has no desire because the loss has conditioned the land for a higher use.

Such results can be obviated by ascertaining a value separate from the land of the thing destroyed or damaged, and then compensate the injured party for restoration or replacement costs. This is what the court did in Bos, supra.

Kebschull's reliance on Bos is likewise misplaced, however. The action in Bos arose out of negligence as well as breach of contract. We upheld a jury award of the market value of a damaged silo at the time of the loss, although the award was greater than the amount paid for the purchase of the used silo. Plaintiffs also were awarded replacement costs and damages they had incurred for loss of use, less an offset for the foundation. The silo in Bos was not a readily replaceable item. Its expected use was integrated into the Bos' dairy farming operation and destruction of the silo presented serious problems. The rule in Spackman can not be

4

applied in Bos, nor can the rule in Bos be applied in the immediate case. In this case the property is growing vegetation which is part of the real property.

We have not had previous opportunity to apply the general rule of damages to growing vegetation, as have some of our sister states.

The Minnesota court makes a distinction between vegetation which serves a utilitarian purpose, Rector, Etc. v. C. S. McCrossan (Minn.. 1975), 235 N.W.2d 609, and those which are for the most part ill-formed, unattractive, and of little intrinsic value. Baillon v. Carl Bolander & Sons Co. (Minn. 1975), 235 N.W.2d 613, 615. In Rector where in addition to their natural aesthetic beauty, the trees acted as a sound barrier, the high court allowed the jury to consider cost of replacement and before and after value of the land in order to permit flexibility and achieve a just and reasonable result. 235 N.W.2d at 613. In Baillon, however, the court refused to adopt the replacement rule saying to do so conceivably would involve an expense greatly out of proportion to the actual damage to the real estate. 235 N.W.2d at 615.

The Arkansas court found that some shade trees which were destroyed by fire were part of the freehold and their value was actually the depreciation of the value in the property on which they stood. Because their value depended on their connection with the soil, the measure of damages is the difference in market values before and after the destruction. Cy Carney Appliance Company v. True (Ark. 1956), 295 S.W.2d 768. Thus a determining factor is whether the destroyed trees have any value apart from the land where they stood.

5

We believe the Arkansas holding to be better reasoned. Even if we applied the Minnesota court's reasoning, however, the measure of damages in this case must be the difference between the value of the property before and after the fire. The replacement cost of the trees would be greater than the actual damage to the real estate regardless of their utility or lack of utility. Appraisers for both Kebschull and Nott testified the market value of the land was not diminished as a result of the fire.

The order of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justice