131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
HUGHES & SONS CATTLE COMPANY, a corporation, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 96-35401.
 United States Court of Appeals, Ninth Circuit.
 Oct. 22, 1997.
 
 1
 Appeal from the United States District Court for the District of Montana, No. CV-91-00131-PGH; Paul G. Hatfield, District Judge, Presiding
 
 
 2
 Before: SKOPIL, TROTT, Circuit Judges, and ROLL, District Judge**
 
 
 3
 MEMORANDUM*
 
 
 4
 The government was found negligent and held liable for damages caused by a fire in a National Forest that spread to adjacent properties. Hughes & Sons Cattle Co. ("Hughes") contends on appeal that the damage award was inadequate because it failed to provide complete compensation. The parties agree that Montana law applies. Saunders v. United States, 64 F.3d 482, 484 (9th Cir.1995); Shaw v. United States, 741 F.2d 1202, 1205 (9th Cir.1984).
 
 
 5
 The special master assigned to this case correctly noted that under Montana law, when injury to real property is permanent, the measure of damages is the difference between the appraised value of the property before and after the injury. See Burk Ranches, Inc. v. State, 790 P.2d 443, 447 (Mont.1990). When the injury is temporary, the measure of damages is the cost of repair plus damages for loss of use to the time when the injury could have been repaired. Id. When, however, "the cost of repair greatly exceeds the decreased value of the property, the injury is presumptively permanent and the decreased value rule applies." Id. (footnote omitted)
 
 
 6
 We conclude that the special master properly characterized the losses here as permanent, and therefore correctly rejected Hughes' claims for replacement value. Accordingly, we also reject Hughes' contentions that it should have received an additional $361,760 in reforestation costs and $260,500 for removing burned trees. These additional amounts, when added to that already awarded for timber losses and reforestation, would total $869,894, more than twice the highest pre-fire value established at trial for the Hughes' property. Because the damages claimed by Hughes far exceeded the pre-fire market value of the property, much less the difference between the value of the property before and after the fire, we conclude that the district court exercised eminent good sense in awarding damages more closely in line with a decrease in market value. See id. ("The injured party is to be made as nearly whole as possible--but not to realize a profit.") (internal quotations omitted); Kebschull v. Nott, 714 P.2d 993, 994 (Mont.1986) (In determining proper damage award, "[u]ltimately good sense must be applied, rather than mechanical application of formulas.").
 
 
 7
 AFFIRMED.
 
 
 
 **
 The Honorable John M. Roll, United States District Judge for the District of Arizona, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3